UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **MARK A. FUTRELL,** | ) | |
| | ) | |
| **Petitioner** | ) | |
| | ) | |
| v. | ) | No. 3:05cv0637 AS |
| | ) | |
| **ED BUSS,** | ) | |
| | ) | |
| **Respondent** | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about October 5, 2005, *pro se* petitioner, Mark A. Futrell, an inmate at the Indiana State Prison (ISP), Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on February 13, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed an unverified handwritten statement on April 12, 2006, which this court has carefully examined. Said statement does not cite any specific relevant authority. This court has also examined an array of exhibits, A through H, both inclusive, and documents which explicate this proceeding.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition he was incarcerated in the ISP in this district. This case involves a prisoner disciplinary proceeding which in turn involves the failure to provide a urine sample. The sanction is for credit time deprivation of 180 days

which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974).  The underlying administrative charge is designated as ISP 04-04-0125.  There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit.  *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

Basically, the factual and credibility disputes are best decided by the CAB as a part of the administrative process.  This court does not bottom any decision here on harmless error.  The factual setting of this case indicates that, assuming that the physical and medical conditions referred to by this petitioner did in fact exist, efforts were made to accommodate the same and in the end, the CAB was entitled under the circumstances to sanction this petitioner.  The collateral review that is envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States.  *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989).  The focus is not on violations of state law.  *See Estelle v. McGuire*, 502 U.S. 62 (1991).  *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997).

Generally the ADP is a part of state law under *Estelle*.  *See Hester v. Mc Bride*, 966 F.Supp. 765 (N.D. Ind. 1997).  Certainly there is no right to confront or cross-examine witnesses in this proceeding.  Also, the failure to name or request a witness until the day of

2

the hearing is deemed to be a waiver under *Miller v. Duckworth*, 963 F.2d 1002 (7th Cir. 1992).

The petitioner has presented no basis here for relief under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:**  May 9, 2006

                                                     **S/ ALLEN SHARP**
                                         **ALLEN SHARP, JUDGE**
                                         **UNITED STATES DISTRICT COURT**